UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02661-SSS-DTBx | Date | December 10, 2025 |
|---|---|---|---|
| Title | *Luis Maria Heredia v. Target Corporation et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 11]**

Before the Court is Plaintiff's Motion to Remand Case to California State Court filed on October 24, 2025.  [Dkt. No. 11, "Motion"].  Defendants submitted an Opposition on November 14, 2025, and Plaintiff filed his Reply on November 21, 2025.  [Dkt. No. 15, "Opposition" or "Opp."; Dkt. No. 16, "Reply"].  The Court **DENIES** the Motion.

**I.    FACTUAL AND LEGAL BACKGROUND**

Plaintiff Luisa Maria Heredia worked as a Fulfillment Worker for Defendant Target Corporation ("Target") beginning on April 24, 2024.  [Dkt. No. 1-2 at 4, "Complaint"].  In her position as a Fulfillment Worker, Plaintiff was responsible for "organizing and preparing batches of products throughout the Defendant's store in San Bernardino County, California."  [*Id.*].  Around July 2024, Anthony Aranda began serving as team lead in supervising Plaintiff's employment.  [*Id.*].

The Complaint alleges that around August of 2024, Aranda became critical of Plaintiff's work and "would constantly call Plaintiff . . . more than other employees" and spoke to Plaintiff "in a disrespectful tone and patronized her work

throughout the store." [Complaint at 4]. At times, when Plaintiff would seek Aranda's assistance to fulfill her job duties, Aranda "would refuse to assist [Plaintiff]" and would "[become] upset at Plaintiff for asking a coworker for help." [*Id.*]. Aranda ultimately reported Plaintiff to Casper Graviac, a Human Resources Representative. [*Id.*].

Plaintiff spoke with Graviac and told him of Aranda's refusal to help her. [Complaint at 4]. After Plaintiff's conversation with Graviac, she reported an increase in assignments and criticism from Aranda. [*Id.*]. The increase in assignments caused Plaintiff to fall behind on her tasks. [*Id.*].

Around October 2024, Plaintiff was assigned to a new position, which required her to work in a small, confined space. [Complaint at 4]. Plaintiff developed anxiety, nausea, and claustrophobia around this time. [*Id.*]. To address her concerns, Plaintiff spoke with Aranda and another team lead; however, Aranda insisted that Plaintiff remain in this position. [*Id.*]. Plaintiff further shared her symptoms of anxiety, nausea, and claustrophobia with Graviac, who did not make alternate arrangements to assist Plaintiff. [*Id.*].

In November of 2024, Plaintiff reported her concerns to Human Resources regarding her position and Aranda's behavior and also requested an accommodation to move from her current assignment. [Complaint at 5]. In early December of 2024, Plaintiff followed up regarding her request, and Human Resources requested a doctor's note for her accommodation. [*Id.*]. Plaintiff received a doctor's note on January 22, 2025, which confirmed her inability to work in a confined room. [*Id.*]. Plaintiff submitted this note to Human Resources upon receiving it. [*Id.*]. That day, Plaintiff was "immediately informed of her termination" and was provided with her "final check and termination document." [Complaint at 5].

On August 18, 2025, Plaintiff filed the underlying suit against Defendant in the San Bernardino County Superior Court, bringing various state law claims arising from this conduct. [*See generally* Complaint].

Defendant Target removed the suit to federal court on September 26, 2025, on the basis of diversity jurisdiction. [*See* Dkt. No. 1, "Notice of Removal"]. In the Notice of Removal, Defendant contends that complete diversity of citizenship exists, and that the amount in controversy exceeds the jurisdictional amount of $75,000. [Notice of Removal at 3–9].

Plaintiff now seeks to remand the case back to the San Bernardino County Superior Court, challenging whether the amount in controversy meets the jurisdictional threshold. [*See generally* Motion]. Target maintains that Plaintiff's lost wages and future attorneys' fees would satisfy the amount in controversy required to remain in federal court, and thus that the Court should deny the Motion. [*See* Opp. at 9–14].

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

A defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. General Motors*, LLC, No. 2:23-cv-06991, 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566).

## III. DISCUSSION

The sole dispute between the parties on Plaintiff's Motion to Remand is whether the amount-in-controversy requirement is met for diversity jurisdiction. [*See* Motion at 12–20; Opp. at 9–17; *see generally* Reply].

Where, as here, a complaint does not demand a specific sum, "the notice of removal may assert the amount in controversy." [*See* Complaint]. 28 U.S.C.

§ 1446(c)(2)(A); *see Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (stating that where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000" (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997))). The "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Where the plaintiff contests the amount alleged in the notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(B)).

Upon reviewing the cases and the pleadings, the Court concludes that Target has met its burden of proving the amount-in-controversy requirement. Defendant alleges in the Notice of Removal that the potential damages Plaintiff may recover in this Action is at least $75,000. [Notice of Removal at 9]. Included in this figure are the following estimates made by Defendant for: (1) Plaintiff's economic damages, or lost wages, in the amount of $25,768; (2) emotional distress damages; (3) Plaintiff's attorneys' fees in the amount of $140,000; and (4) punitive damages that would alone exceed $75,000. [*See id.* at 6–9].

Plaintiff seeks to recover for past and future economic damages" associated with Defendant's alleged conduct. [Complaint at 15]. The Complaint also requests non-economic damages and alleges that she was "embarrassed, ashamed, humiliated, emotionally hurt, and in financial desperation" following her termination. [*Id.* at 5, 15]. The Court interprets this pleading, as Defendant does, as a request for emotional distress damages. [*See* Notice of Removal at 6; *see also* Motion at 14].

In the Notice of Removal, Defendant posits that "[a]t a rate of $18.25 per hour, Plaintiff earned $11,862 per year in regular wages as a part-time non-exempt employee." [Notice of Removal at 6]. With these assumptions, Defendant calculated that the 35 weeks for which Plaintiff seeks past lost wages, Plaintiff would seek "approximately $7,984 . . . in past lost wages." [*Id.* at 6]. Based on the Motion, Plaintiff does not seem to oppose this figure.

Instead, Plaintiff objects to Defendant's estimation of Plaintiff's future lost wages. [Motion at 12]. The Notice of Removal assumes a "conservative trial date of 18 months from the date of [removal]," which would then result in a figure of future lost wages in the amount of $17,784. [Notice of Removal at 6].

Plaintiff argues that this calculation is "improperly inflate[d]" because it "project[s] speculative future damages through trial and beyond without accounting for Plaintiff's legal duty to mitigate damages." [Motion at 12]. However, mitigation of damages (or a plaintiff's failure to do so) constitutes an affirmative defense. *See Mize-Kurzman v. Marin Comm. College Dist.*, 136 Cal.Rptr.3d 259, 291 (Cal. Ct. App. 2012). The Ninth Circuit has held that potential affirmative defenses do not reduce the amount in controversy for purposes of establishing federal jurisdiction. *See Perez v. Alta-Dena Certified Dairy*, LLC, 647 F. App'x 682, 684 (9th Cir. 2016); *see also Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, *4 (C.D. Cal. July 31, 2019) (holding that mitigation of damages is an affirmative defense and therefore not relevant to a determination of the amount in controversy). Thus, any offset to the amount in controversy as calculated by Defendant from Plaintiff's mitigation efforts cannot be considered by this Court. The Court, therefore, accepts Defendant's calculation of economic damages in this case as totaling $25,768.

As for emotional distress damages, Plaintiff is correct to suggest that Defendant cannot merely cite to similar cases alleging FEHA violations in which emotional distress damages exceeded the amount in controversy without demonstrating comparable facts. [Motion at 1516]. However, the Court recognizes that it has previously applied a 1:1 ratio to emotional distress and economic damages for jurisdictional purposes where Plaintiff failed to provide any reasonable estimate of such damages. *See Garfias v. Team Indus. Serv., Inc.*, No. LACV1704282JAKAGRX, 2017 WL 4512444 at *5 (C.D. Cal. Oct. 10, 2017).

Moreover, the amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). California law allows the recovery of punitive damages based on FEHA claims and wrongful termination. *Tameny v. Atl. Richfield Co.,* 27 Cal.3d 167, 176 (1980); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033–34 (N.D.Cal.2002). Much like emotional distress damages, courts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. *Jackson v. Compass Grp. U.S.A., Inc.*, No. CV 19-4678 PSG, 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019). Where the compensatory damages would amount to $25,768,

the Court believes a 1:1 ratio of that figure for emotional distress and punitive damages would be appropriate here.

Therefore, in considering the total damages, which include economic, non-economic, and punitive damages, the amount in controversy would amount to at least $77,304.  This figure independently meets the jurisdictional threshold, and would only be greater when considering Plaintiff's request for attorney's fees.

For the reasons discussed above, the Court finds Defendant's measure of economic and non-economic damages along with punitive damages exceeds the jurisdictional minimum.  Accordingly, the Court finds no need to discuss the parties' arguments regarding attorneys' fees.

## IV.   CONCLUSION

Because Defendant has met its burden to establish the jurisdictional minimum in this action, the Court finds diversity jurisdiction exists over this case. 28 U.S.C. § 1332(a).  Thus, the Court finds removal was proper under 28 U.S.C. § 1441(a) and **DENIES** Plaintiff's Motion.  [Dkt. No. 11].

**IT IS SO ORDERED.**